[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AND ORDERS RE' DISSOLUTION
Diane Elizabeth Lavoie and William J. Aquila, Jr. were married on February 23, 1974 in New Haven, Connecticut. They had four children — all now adult — on whom they have spent considerable funds for their education. Diane Aquila felt that circumstances beyond her control made it necessary to terminate the marriage.
Accordingly, by writ, summons and complaint, filed on January 25, 1999, plaintiff Diane Aquila has brought this action seeking a dissolution of her marriage, and seeking an equitable distribution of the assets acquired and liabilities assumed during the marriage. From the evidence presented at the trial the court finds the facts referenced in the discussion and rulings set out in this decision.
Plaintiff Diane Acquila is now 55 years of age and has been diagnosed with a medical condition known as multiple sclerosis. It has been disclosed that she has a two centimeter size tumor situated on her brain stem. Her medical condition has caused her to have a weakness on her left side and from time to time to have used a wheel chair for mobility or for prolonging her energy level. She has received two spinal taps, and conforms to a protocol requiring her to have an MRI at three-month intervals to monitor the tumor on her brain. Also the plaintiff is under treatment for stress. Although having some weakness the plaintiff currently is ambulatory.
The plaintiff's occupation is that of a Licensed Practical Nurse — a position in which she has functioned for 26 years. The plaintiff has discovered that she does not have now the concentration prerequisite to performing the duties of a licensed practical nurse. Her employer, the Franciscan Sisters, agrees with this assessment and has reassigned her to working as a home CT Page 15143 health aid for hospice patients. As a licensed practical nurse the plaintiff earned $17.50 per hour. She is now earning only $8.00 per hour as a home health aid. Because of her medical condition the plaintiff is uncertain as to whether she will be able to work on a full-time basis.
Defendant William J. Aquila, Jr. is 49 years of age and voiced no concern as to his health. The defendant is a Physician's Assistant at Yale Health Services. His financial affidavit reflects that he receives $57,304 from his regular hours of employment.
The parties acquired a considerable estate during their marriage. They own two houses, to wit: the marital residence on Collins Street, and a house on Second Street, both in Hamden, Connecticut. After their separation in the summer of 1998, the defendant moved into the first floor apartment of their house on Second Street. However, this house was destroyed by fire. Currently the defendant resides at a hotel while awaiting the reconstruction of the Second Street house. The plaintiff resides in the house on Collins Street.
In addition to real estate, the parties have acquired stocks, and retirement accounts. Recently the plaintiff inherited approximately $25,000 from the estate of a late aunt. It must be noted that the parties have accumulated various debts, set out on their financial affidavits, including loans used to finance the education of their children.
I. Dissolution of Marriage
The Court finds that the marriage has broken irretrievably Accordingly, the Court dissolves the marriage, and declares each party unmarried and single.
II. Allocation of Assets and Liabilities and Order ofPayments
The Court has reviewed the statutory criteria, including Connecticut General Statutes Section 46b-81, relative to the matters that must be considered in determining the allocation of assets and liabilities, as well as the orders which should issue. The parties have signed a Separation Agreement, and an Amendment to Separation Agreement, both dated October 22, 1999, which set out their itemization of the assets and liabilities which, with CT Page 15144 few exceptions, each agrees the other should have.
The court hereby approves the allocation of assets and liabilities to which the parties have agreed, as articulated in their Separation Agreement and the Amendment thereto. Accordingly, the Court hereby orders into effect the allocation set out therein.
The court now shall address the matters specifically left unresolved by the parties in their Separation Agreement.
A. Alimony
Defendant William J. Acquila shall pay $75.00 per week in alimony to plaintiff Diane Aquila. The award of alimony is modifiable as provided by statute. The court finds that there is an arrearage owed by the defendant on a pendente lite alimony order in the amount of $980.00. The Court orders that the defendant pay the arrearage at the rate of $25.00 per week.
B. Payment for the Plaintiff's Chevrolet Lumina
The plaintiff shall have sole responsibility for paying for her Chevrolet Lumina automobile.
C. Cobra Payments
Defendant William J. Aquila shall be solely responsible for Cobra Payments and shall hold the plaintiff harmless therefor.
D. First USA
Plaintiff Diane L. Aquila shall be solely responsible for payment of the indebtedness to First USA, set out on the parties' financial affidavit, and shall hold the defendant harmless therefor.
E. Loans to Hamden Hall
Defendant William J. Aquila shall be solely responsible for payment of the indebtedness to Hamden Hall, and shall hold the plaintiff harmless therefor.
F. Other Liabilities
CT Page 15145
Each party shall be responsible for the other liabilities listed on his/her financial affidavit.
G. Plaintiff's Inheritance
Plaintiff Diane Aquila shall retain sole ownership of the recent inheritance from her aunt.
H. Counsel Fees
Each party shall be responsible for the payment of her/his counsel fees.
Clarance J. Jones, Judge